JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-01656-RGK-SHK | Date | November 4, 2022 |
|---|---|---|---|
| Title | *JAZZY CRUZ v. THOR MOTOR COACH, INC., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Order Remanding Action to State Court**

On August 17, 2022, Jazzy Cruz ("Plaintiff") filed a Complaint against Thor Motor Coach, Inc. ("Defendant") alleging violations of the Song-Beverly Warranty Act and Magnuson-Moss Warranty Act.

On September 21, 2022, Defendant removed the action to federal court alleging jurisdiction on the grounds of federal question. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

In the Notice of Removal, Defendant asserts that Plaintiff's Magnuson-Moss claim arises out of federal law and that the amount in controversy exceeds $50,000. In support, Defendant states that

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-01656-RGK-SHK | Date | November 4, 2022 |
|---|---|---|---|
| Title | *JAZZY CRUZ v. THOR MOTOR COACH, INC., et al* | | |

Plaintiff seeks a refund of the total price of the vehicle, $101,673.81, plus collateral damages, finance charges, and civil penalties.

Defendant's arguments, however, fail. A review of Defendant's evidence shows only that Plaintiff entered into an installment sale contract with Defendant on November 23, 2021 for total sale price of $101,673.81 (Notice of Removal, Exhibit C.) Although Defendant sets forth the total price over the term of the contract, this amount does not necessarily reflect the amount in controversy. Plaintiff requests restitution for all money paid to Defendant; yet Defendant fails to indicate an amount of payments made. Additionally, the value that Plaintiff is eligible to recover is reduced to account for Plaintiff's use of the vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3 (C.D. Cal. Aug. 1, 2012). Defendant also fails to indicate the number of miles Plaintiff drove. Without this information, the Court is left with considerable doubt as to the amount in controversy. *See id.*, at *7.

Accordingly, the Court finds that Defendant has not plausibly alleged, or satisfied its burden of demonstrating by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer         JRE/v